The Honorable Bill Stephens State Representative 28 Forrest Lane Conway, AR 72023
Dear Representative Stephens:
This is in response to your request for an opinion regarding the release of "information" by the Faulkner County OES (Office of Emergency Services) or "911" Office. You state that the 911 Office receives many requests for "information" on the names and addresses of individuals. You also indicate that some of these requests are made by the sheriff's department. Your specific question is as follows:
 Is it lawful to release the information the 911 office receives?
You have provided no information relative to the types of records or names and addresses the 911 Office maintains. You do indicate, however, that prior to the existence of the 911 Office, such requests for names and addresses were apparently directed to the local post office. It appears, therefore, and I will assume, that the focus of your inquiry is on the names and addresses of individuals served by the 911 Office. These individuals are referred to in the Code sections pertaining to the Arkansas Public Safety Communications Act as "service subscribers" or "service users." See A.C.A. 12-10-303(4). Accordingly, your question appears to be whether the 911 Office may release records of the names and addresses of its service subscribers or users.
It is my opinion that A.C.A. 12-10-317, in all likelihood, prevents the release of addresses of service subscribers or users for purposes other than "responding to requests for emergency service from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes." The release of such information to the sheriff's department, however, appears to be permitted under12-10-316.
Your question requires initial consideration of the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A.25-19-101—107 (Repl. 1992). The FOIA applies to all governmental entities, and it also applies to nongovernmental, or private, entities that are "wholly or partially supported by public funds or expending public funds." A.C.A. 25-19-103. This office has previously opined that if a 911 communications center is wholly or partially supported by public funds or expending public funds as, for example, authorized by A.C.A. 12-10-322,[1] it is generally subject to the provisions of the FOIA. See Op. Att'y Gen. 90-236. This answer is therefore premised on the assumption that the FOIA is applicable to the Faulkner County 911 Office as an agency that is wholly or partially supported by public funds.
Section 25-19-105 of the FOIA states that "except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying. . . ." As was noted in Op. Att'y Gen.90-236, the Arkansas Public Safety Communications Act (A.C.A.12-10-301—323 (1987 Cum. Supp. 1991)) appears to constitute such an exception to the FOIA. Section 12-10-317(a)(1) states that "[e]ach service provider[2] shall forward to any PSAP [public safety answering point] equipped for enhanced 911 service the telephone number and street address of any telephone used to place a 911 call." Subsection (a)(2) of 12-10-317 prohibits the use of this "[s]ubscriber information" for any purpose other than ". . . responding to requests for emergency services from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes." A.C.A.12-10-317(a)(2).
Accordingly, while it is not absolutely clear from the act, it appears that subscriber information, including the telephone number and street address of any telephone used to place a 911 call, shall not be open to public disclosure except in accordance with those purposes set out in 12-10-317(a)(2).
With regard, however, to that part of your inquiry which focuses on whether the 911 Office may release these names and addresses to the sheriff's department, reference should be made to12-10-316, which states that:
 (a) The 911 Public Safety Communication Center designated by the chief executive of the political subdivision may be considered an element in the communications network connecting state, county, and local authorities to a centralized state depository of information in order to serve the public safety and criminal justice community.
 (b) 911 public safety communication centers are restricted in that they are authorized access to these files only for the purpose of providing the information to end users as authorized by state law and in the absence of serving as an information service agency to authorized recipients of the contents of these information systems, the center will not be authorized access to files available through the Arkansas Crime Information Center.
 (c) The designation as an information provider to authorized recipients and agencies of the political subdivision shall be made by the chief executive of each political subdivision.
This section authorizes the political subdivision utilizing a 911 communications center to use the system as a depository of information to serve criminal justice interests. Access to information pursuant to this provision is restricted to "providing the information to end users as authorized by state law." A.C.A. 12-10-316(b). While the section does not indicate who is an authorized end user, it does make reference to those allowed access to information through the Arkansas Crime Information Center (ACIC) (see A.C.A. 12-12-201—213 (1987 Cum. Supp. 1991) and Act 605 of 1993). Included among those authorized recipients of ACIC information are "criminal justice agencies in their official capacity." A.C.A. 12-12-211(a). It is my opinion that a sheriff's department would be considered a criminal justice agency to which ACIC information may be disseminated and would likewise, in all likelihood, be considered an "end user" to which information in the 911 communications center depository may be disseminated. Accordingly, the 911 Office may, in my opinion, release names and addresses from its information depository to the sheriff's department pursuant to these provisions.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 12-10-322 states: "In order to provide additional funding for the 911 public safety communications center, the political subdivision may receive and appropriate any federal, state, county, or municipal funds, as well as funds from private sources, and may expend such funds for the purposes of this subchapter."
[2] A "service supplier" is defined under A.C.A. 12-10-303(3) as "any person, company, or corporation, public or private, providing exchange telephone service throughout the political subdivision."
[3] Of course, if the sheriff's department seeks information from the 911 Office for the purpose of "responding to requests for emergency service from public safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes," it is allowed access pursuant to A.C.A.12-10-317(b).